SIMMS, executor, *vs.* FLOYD.

1. It was error for the court to refuse a request to charge, and to state in the hearing of the jury that there was no evidence to authorize such a charge, when, in fact, there was such evidence.

2. When an attorney represented a party in court with his knowledge, and he did not object thereto, the presumption is that such services were rendered with his consent. and under an implied contract to pay what those services were reasonably worth. But it does not

follow, if there were more parties than one on a side, and the attorney was employed by only one, and the others had knowledge that he was representing the whole case, and the services were for their benefit, and accepted by them, that to avoid liability it was their duty to have notified the attorney that they would not be liable.

3. It was error for the court to repeat again and again that portion of his charge which was favorable to the plaintiff, but not that part which was favorable to the defendant.

(*a*). The motion for new trial was approved without qualification or reference to the general charge of the court, April 8th, 1880 (the trial having been on March 18th) ; in the record is what appears to be the charge of the court; at its close is an order of court, dated April 8th, 1880, stating that it is the substance of his charge, and directing the clerk to send up a copy of it as a part of the record: *Held*, that this cannot be considered for the purpose of qualifying the grounds of the motion for new trial in the absence of all reference thereto in connection with the approval.

Practice in the Superior Court. Attorney and client. Contracts. Practice in the Supreme Court. Before Judge SPEER. Newton Superior Court. March Term, 1880.

Floyd brought an action of complaint in Newton supeperior court against Simms, executor of John Harris *et al.*, upon an account for "professional services rendered in defence of, and resistance to, an execution issued by the comptroller-general of the state of Georgia *vs.* Isaac P. Harris, as treasurer of the Western & Atlantic railroad, and his securities (of whom John Harris was one), for the sum of $28,933.24, with interest on that sum, at twenty per cent. per annum, from January 1st, 1871, and reduced by the said services of said Floyd, to the sum of $4,000.00 in four payments, at seven per cent. per annum, from January 1st, 1876."

Defendant Simms, executor, pleaded the general issue, and payment to plaintiff by his testator of $350.00 for, and in behalf of, his son Isaac P. Harris, on acount of the alleged services of plaintiff.

The jury found for the plaintiff. Defendant Simms, executor, moved for a new trial which was refused, and he excepted. For the other facts see the decision.

CLARK & PACE, for plaintiff in error.

J. J. FLOYD; H. D. MCDANIEL, for defendant.

CRAWFORD, Justice.

Floyd, the defendant in error, recovered a judgment against Simms, executor of John Harris, for $2,150.00 for professional services rendered the deceased, with which the said executor was dissatisfied, and moved for a new trial because of the alleged errors committed on the said trial. Although there are several complained of, we consider and rule only upon those which control the case. These are—

(1.) That the judge erred in refusing to charge, as requested by defendant's counsel—that if I. P. Harris first employed the plaintiff, and afterwards John Harris employed him, then that John Harris' liability only commenced at the said subsequent employment, and by saying in the presence and hearing of the jury that there was no evidence to authorize such a charge.

(2.) That where an attorney represented a party in court with his knowledge, and he does not object thereto, the presumption of law is that such service was rendered with his consent, and under an implied contract, for which the attorney would be entitled to recover what those services were reasonably worth. But if there were more than one defendant, and it appears that only one employed the attorney, and he looked to his employer alone for compensation, then the attorney could not recover from the others, although they got the benefit of such service. But if he were employed by one, and the others had knowledge that he was representing the whole case, and said services were also for their benefit, and accepted by them, then to avoid liability for said services, it was their duty to have notified the attorney that they would not be liable, otherwise they would be liable.

(3.) Because the court again and again repeated the charge favorable to the plaintiff, and did not do so with that portion favorable to the defendant.

1. Upon the first ground of complaint herein set out, we think that it was error to have refused to charge as requested, because there was some testimony going to show that the plaintiff had been at first employed by I. P. Harris, and afterwards that he had been employed by John Harris. It is wholly immaterial whether the same might or might not have been believed by the jury, the defendant had the right to have that theory submitted to them for their consideration and finding. If they should have believed that the defendant did not represent the defendant from the beginning, then they would have found him liable only from the time of his employment.

Besides, we think that the remark of the judge in the hearing of the jury, that there was no evidence to warrant the charge requested was error if, indeed, there was evidence authorizing it.

An examination of the record discloses the fact that John P. Harris, in his testimony says, that in the beginning of the case he carried a message from I. P. Harris to the plaintiff that he wanted to employ him, and that afterwards the plaintiff told him that I. P. Harris had employed him. And again, that after the *fi. fa.* had been sent down to Newton county, that there was an interview between the plaintiff and John Harris, in which the latter said to the former, that the storm had come at last, and that he, the said John Harris, wanted the plaintiff to take charge of the case, go to Atlanta and attend to it. The witness himself was sent after the plaintiff by the said John Harris. All of which happened long after the first services were rendered by the plaintiff in the case. This witness further testified that after this interview he carried a proposal to the plaintiff from the said John Harris to pay him $1,500.00 if he would take hold and go on with the

Simms, executor, *vs.* Floyd.

case. This occurred about the 20th of November, 1877. I. P. Harris also testifies distinctly that Judge Floyd was employed by him.

2. The error in the second ground of complaint we think is well taken, because, although it may be true that where an attorney represents a party in court with his knowledge, and he makes no objection thereto, the presumption of law is that the services are rendered with his consent, and under an implied contract to pay what those services are reasonably worth, but when the judge added, that if there were more than one party, and the attorney was employed by only one, and the others had knowledge that he was representing the whole case, and the services were for their benefit, and accepted by them, then to avoid liability it was their duty to have notified the attorney that they would not be liable, or otherwise they would be—was carrying the doctrine of an implied contract further than is authorized by law.

It is a matter of every day occurrence in our courts where two or more parties are sued, or indicted, that one party employs one attorney and another some other, and yet it is not expected, or indeed is it true, that each of the parties renders himself liable for the fees of the others because notice is not given that he is not to be held liable.

3. In this, the third ground of error, it is complained that the judge again and again *repeated* that portion of his charge which was favorable to the plaintiff, and did not do so with that part which was favorable to the defendant.

The judge having approved the grounds set out in the motion for a new trial as true, and this being one of them, we are bound to accept and consider the same as containing a correct statement of the facts as they transpired. 59 *Ga.*, 436. It may have been that the judge intended and expected that a copy in substance of the charge which accompanies the record, was to have been considered by this court in connection with the above ground in the mo-

tion for a new trial. This we cannot do, for a charge *in substance* written out some twenty days after the real charge was delivered to the jury, can, in no legal sense, be a part of the record of the case, although it ·may be ordered sent up therewith. If, however, in connection with his approval of the grounds of the motion for a new trial he had said, "as shown in my charge hereto annexed," or any qualifying words by which we could have taken this ground, and considered it in the light of the charge, even though it were for the first time then written out, they would have been adjudged together. But the ground, as approved, disconnected as it is from any qualification, we hold it error, and for this, as well as other reasons hereinbefore set forth, the judgment must be reversed.

Judgment reversed.