IN RE ESTATE OF SUSAN F. KIERSTEAD.
CRESCENT O'CONNOR ET AL. V. ELLEN DEANE ERICKSON ET AL., APPELLANTS: OSCAR B. CLARK ET AL., APPELLEES.

FILED JUNE 19, 1931. No. 27559.

*Webb Rice* and *Smith, Schall & Sheehan,* for appellants.

*Otto F. Walter, Oscar B. Clark* and *William Niklaus,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

Susan F. Kierstead, late of Madison county, died testate June 16, 1927, without issue, leaving property of the value of $60,000, or about that sum. June 8, 1929, attorneys Oscar B. Clark and William Niklaus, interveners, filed a

lien for legal services in the district court for Platte county to recover $5,000 from Samuel G. Deane and Ellen Deane Erickson, defendants and heirs of their aunt, Susan F. Kierstead. When Clark and Niklaus filed their lien, the defendants had theretofore been allowed $6,127.50, as their distributive share in the Kierstead estate. Another claim was filed against the defendants September 21, 1929, by and in behalf of other heirs, designated plaintiffs, for certain expenses alleged to have been incurred by them in settling the estate. The court found, in respect of such plaintiffs, that they were entitled to be paid $291.81 by the defendants, but, no appeal having been taken from the allowance of such sum, the claim will not be mentioned further herein.

In respect of the amount due the interveners, as counsel, the court decreed that they were entitled to receive $1,878.89 for their services. And the court ordered that the remainder of the $6,127.50, which, as noted above, was the defendants' share in the estate, should be distributed to such defendants by the clerk of the court.

The defendants have appealed from the allowance of the attorneys' fee to the interveners and they insist that no agreement was entered into by them with the interveners for their services. And the interveners have filed a cross-appeal alleging that the amount allowed them by the court is insufficient.

The defendants are residents of Illinois and, with certain other heirs herein, they are Mrs. Kierstead's next of kin. Under the provisions of her will, dated December 17, 1926, Mrs. Kierstead bequeathed the bulk of her estate to churches, church organizations, certain eleemosynary institutions, and to persons unrelated to her.

The question for determination here is whether there was a contract of employment, either express or implied, between the interveners and the defendants.

Intervener Niklaus testified that he was requested by the Lincoln heirs whom he represented to go to Illinois and

confer with certain heirs there, including the defendants, in respect of the advisability of contesting the Kierstead will. According to his testimony, an agreement was reached with the Illinois heirs through a local attorney named Nelson whereby, in the event the contestants prevailed, Nelson was to receive a fee of one-fourth of 50 per cent. of the amount recovered, the remaining three-fourths of the fee to be paid over to the interveners. But it appears that, upon Niklaus' return from Illinois, objections to the probate of the will were filed by the interveners in behalf of the heirs whom they represented, but the defendants' names do not appear thereon.

The will contest was twice tried to a jury, but each jury failed to agree. Subsequently a satisfactory settlement was reached outside of court by the aid of the respective counsel. Much evidence was presented in the present case bearing upon the time spent in the preparation for the trial of the two cases, and the number of witnesses interviewed by the interveners. Both Clark and Niklaus testified that they estimated their services were worth $50 a day in the will case, and, on the cross-examination, Niklaus testified that he assumed authority to act for the defendants under power alleged to have been delegated to him by Nelson, the Illinois attorney. But the fact appears to be established that the interveners did not have a written contract with the defendants, nor did they have a power of attorney to appear for them.

Nelson testified that Niklaus called on him at his office in Illinois requesting his aid in securing the signature of the defendants, who were Nelson's clients, on a contract of employment. Niklaus desired that a contract should be signed on a 50 per cent. contingent basis, 25 per cent. going to Clark and the remaining 25 per cent. to be divided between himself and Nelson. Nelson testified, however, that he told Niklaus that he would not consider the matter, that the amount was exorbitant and he would not ask his clients to sign such a contract. And Nelson de-

nied that he had employed the interveners to act for the defendants, and, in a letter to Niklaus, Nelson informed him that the defendants had employed Webb Rice as their attorney and there was no justification for Niklaus to assume that he represented them.

Mrs. Erickson, one of the defendants, testified that she did not employ Niklaus to represent her interests, nor did she authorize Nelson, her attorney in Illinois, to employ him for her. She testified that Rice was employed by Nelson with her consent to represent her interests and that Rice and Nelson were to receive a 25 per cent. contingent fee which was to be divided between them.

Should the defendants be compelled to pay the interveners the amount found to be due them by the district court, and to pay the attorneys whom they did employ, there would be nothing remaining of their distributive share of the Kierstead estate. The rule has been stated:

"An attorney's claim for professional services against persons *sui juris*, or against the property of such persons, must rest upon a contract of employment, express or implied, made with the person sought to be charged or with his agent. No one can legally claim compensation for voluntary services to another, however beneficial they may be, especially where rendered without his knowledge or consent, nor for incidental benefits and advantages to one, flowing to him on account of services rendered to another by whom the attorney may have been employed. * * * So, where one of several parties, all of whom are equally interested in a cause, employs an attorney to conduct the case for him, and the benefit of such services from the nature of the case extends to all the other interested parties, the other parties, merely by standing by and accepting the benefit of such services without objection, do not become liable for the attorney's fees." 6 C. J. 730.

In *Simms v. Floyd*, 65 Ga. 719, the court made this observation:

"It is a matter of every day occurrence in our courts

where two or more parties are sued, or indicted, that one party employs one attorney and another some other, and yet it is not expected, or indeed is it true, that each of the parties renders himself liable for the fees of the others because notice is not given that he is not to be held liable." See, also, *Chicago, St. C. & M. R. Co. v. Larned,* 26 Ill. 218.

The evidence fairly discloses that the interveners herein exerted diligence in their efforts to secure a termination of the controversy and that it inured to the substantial benefit of all the heirs. But we are unable to find that the interveners obtained an implied or express contract of employment with the defendants. It clearly appears that the interveners were notified that the defendants had employed another as their attorney and that there was no justification for the interveners to assume that they represented the defendants.

In view of the evidence and the law applicable thereto, we conclude that, where the interveners were expressly employed by other of the heirs to represent their interests, and a settlement was subsequently reached which inured to the substantial benefit of all interested parties, the defendants are not liable for the payment of attorneys' fees, in the absence of an express or implied contract of employment with the interveners.

The judgment must be and it hereby is reversed and dismissed as to allowance of attorneys' fees to interveners; otherwise affirmed.

AFFIRMED IN PART, AND IN PART REVERSED AND DISMISSED.