## 21932. BOWEN v. THE STATE.

DECIDED JANUARY 12, 1932.

*George W. Westmoreland,* for plaintiff in error.

*W. D. Martin, solicitor,* contra.

LUKE, J.  John Bowen was convicted of possessing intoxicating liquor. His exception here is to the judgment overruling his motion for a new trial.

It appears from the State's evidence that on the afternoon of August 19, 1931, certain officers went to the defendant's residence in Jackson county, Ga., and found in it about half a gallon of blackberry wine, that the officers found also nearly two gallons of peach brandy in a five-gallon demijohn, and a two-gallon jug of blackberry wine, hidden in some honeysuckle vines about a hundred yards from the residence; that they found also in an outbuilding located on the defendant's premises four barrels that smelled as though they had contained peaches, and about one hundred and fifty empty, flat pint-bottles; that "there were some tracks going from his [defendant's] house down there to the liquor"—that "it had rained just a short time before then and you could see some mud on the grass where they had come out of the house and gone down to this liquor;" that one family lived approximately the same distance from where the brandy was found in the vines as did the defendant, and that several other families lived near that place; that the defendant was not at home when the search was made, but had recently been there; and that the defendant's wife was at home. We will state that the only inference to be drawn from the evidence is that only the defendant and his immediate family occupied his home at the time the said intoxicants were found; and that a witness for the State testified in effect that before the search was made he saw the defendant going towards the said honeysuckle vines "with a sack on his back."

In his statement to the jury the defendant said, that he hauled

fruit and vegetables, and that the barrels hereinbefore referred to had contained defective peaches that he was feeding to his hogs; that he made a business of selling cider, and had the empty bottles to put the cider in; that the brandy and wine found near his home were not on his premises, and that he knew nothing about it until after it was found by the officers; and that he was not guilty.

We are well satisfied that the evidence warranted the defendant's conviction.

Special ground 1 is based upon the alleged newly-discovered evidence of R. C. Arnold, who makes affidavit that, at about 8:30 or 9 o'clock on August 19, 1931, he saw a person wearing overalls and a blue shirt put in the honeysuckles where the brandy and wine was found what appeared to be "a sack containing a long watermelon or high can." Arnold concluded his affidavit in these words: "Affiant was 150 to 200 yards away, and suspicioned it to be liquor, and was aiming to come back that way later on that evening, but was prevented by going another way."

"An affidavit in support of the witness upon whose newly discovered evidence a new trial is sought must give the names of his associates, a statement that he keeps good company not being sufficient to meet this requirement, which is necessary to enable the prosecutor to make a counter-showing; and where such affidavit does not comply with this requirement, the trial judge does not abuse his discretion by refusing to grant a new trial on this ground." *Ivey* v. *State*, 154 *Ga.* 63 (6) (113 S. E. 175); see also *Carter* v. *State*, 34 *Ga. App.* 581 (2) (129 S. E. 798); *Tyre* v. *State*, 35 *Ga. App.* 579, 580 (134 S. E. 178). Under the foregoing rule, this ground does not disclose error. Furthermore, "courts are not obliged to grant a new trial for newly discovered evidence unless they are reasonably convinced that on another trial there would probably be a different verdict" (*Young* v. *State*, 56 *Ga.* 403 (4)), and it seems to us not at all probable that there would be a different result upon another trial in this case because of the alleged newly discovered evidence. See, in this connection, *Brown* v. *State*, 141 *Ga.* 783 (82 S. E. 238). We hold that this ground is without merit.

Special ground 2 avers that the court erred in allowing the sheriff, R. M. Culberson, to testify as to a conversation between himself and the defendant's wife when the defendant was not present, over the objection that it was hearsay. The judge's ruling

was in this language: "Under the rule that if one side goes into part of a conversation, the other side can go into the whole conversation—but I think you had better confine it to what the defendant said about what his wife told him, and you have already asked him whether he made the statement in the presence of the defendant's wife." To this ground was appended the following note: "The court does not approve the allegation that said testimony was admitted. The intention of the court was, and the quotation of the ruling of the court as set forth in said ground of the amended motion was, to exclude the testimony, and not to admit it." We confess that the foregoing ruling of the court is not clear to us, and, certainly, the note to the ground does not make the ruling clearer. However, the ground has not the unqualified approval of the trial judge. Under these circumstances, we will not consider this assignment.

We hold that the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*