## 23802. WEESE, alias OWENS v. THE STATE.

BROYLES, C. J. 1. The defendant was charged with the larceny of an automobile, and convicted of that offense. He complains in two grounds of his motion for a new trial of the admission of evidence showing that the car, when found in the possession of the defendant after the theft, had on it a different license tag from the one attached to the car at the time it was stolen. The objection to the evidence, made at the time of its admission, was that the defendant was not charged with the theft of an automobile tag, and that the tag was not a part of the automobile. The evidence was admissible as a circumstance tending to corroborate the testimony of the owner of the car that it had been stolen, and to establish the corpus delicti.

2. The third special ground of the motion for a new trial is not complete and understandable within itself, and can not be considered by this court. It does not appear from the ground how or in what way the evidence complained of was prejudicial to the movant.

3. The allegation in the motion for a new trial that there was a fatal variance between the allegata and probata is without merit.

4. The several excerpts from the charge of the court, complained of in the

motion for a new trial, when considered in the light of the charge as a whole and the facts of the case, disclose no reversible error.

5. "An affidavit in support of the witness upon whose newly discovered evidence a new trial is sought must give the names of his associates, a statement that he keeps good company not being sufficient to meet this requirement, which is necessary to enable the prosecutor to make a counter-showing; and where such affidavit does not comply with this requirement, the trial judge does not abuse his discretion by refusing to grant a new trial on this ground." *Bowen* v. *State*, 44 *Ga. App.* 565, 566 (162 S. E. 151), and cit. Under this ruling and the facts of the instant case, the trial judge did not err in overruling the ground of the motion for a new trial based upon alleged newly discovered evidence.

6. The verdict was amply authorized by the evidence.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED JANUARY 23, 1934.

*Vester M. Ownby,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.