25730. LEWIS *v.* TATUM.

DECIDED NOVEMBER 14, 1936. ADHERED TO ON REHEARING DECEMBER 17, 1936.

*Bond Almand,* for plaintiff in error.

*E. W. Fountain, W. R. Flournoy, Hewlett & Dennis,* contra.

PER CURIAM. ■ In this trover suit for the recovery of "one blue-white diamond, weighing slightly in excess of five carats," while there was strong evidence for the defendant that the stone sought to be recovered was legally held by the defendant under a pawn from a lawful owner, and was not the stone which had been previously taken from the plaintiff by a robber, there was evidence for the plaintiff positively identifying the diamond in dispute and put in evidence as that belonging to the plaintiff. The question of identity being the sole issue, and the jury being the judges of the credibility of the witnesses and the weight of their testimony, this court, after the refusal of a new trial, is without power under the general grounds to disturb the verdict in favor of the plaintiff.

■ The plaintiff testified that he bought the diamond, set in a ring, from Tiffany & Company in New York City for $7500 cash, he thought in August, 1917; that he received no bill of sale, and after his loss of the ring he was informed by this company that no record was made of the transaction, since it was one for cash. One of the grounds of the motion for new trial is based on alleged newly discovered evidence, in the nature of depositions by two employees of the company, that it keeps a record of cash sales of diamonds, that they had examined this record, and no sale appeared of any diamond like that in question to any person by the name of the plaintiff from June 1, to November 1, 1917. Attached to the depositions was an affidavit by the defendant and his attorney, setting forth only that each "did not know of [this] evidence . . before the trial of the case therein stated, and that the same could not have been discovered by the exercise of ordinary diligence." This ground is insufficient in that it does not comply with the requirements of the Code, § 70-205, by omitting "affidavits as to [the] residence, associates, means of knowledge, character, and credibility" of the witnesses; and by stating in the

affidavit "a mere opinion" without giving any "facts by which the court could judge of whether" the defendant and his counsel "had used due diligence or not, and whether the evidence could have been discovered before by such use." *Taylor* v. *State,* 132 *Ga.* 235, 237 (63 S. E. 1116); *Ivey* v. *State,* 154 *Ga.* 63 (6) (113 S. E. 175); *Cook* v. *State,* 49 *Ga. App.* 86, 90 (174 S. E. 195); *Bowen* v. *State,* 44 *Ga. App.* 565, 566 (162 S. E. 151), and cit.; *Weese* v. *State,* 48 *Ga. App.* 304 (5) (172 S. E. 651); *Blount* v. *King,* 51 *Ga. App.* 4 (179 S. E. 198); *Arnold* v. *State,* 52 *Ga. App.* 79 (182 S. E. 423); *Fortune* v. *State,* 50 *Ga. App.* 204 (2) (177 S. E. 368); *Trammell* v. *Shirley,* 38 *Ga. App.* 710 (2) (145 S. E. 486), and cit. Moreover, even if the new evidence be considered, being of little if any more than a merely cumulative or impeaching character, and unlikely to have affected the result of the case, it would not require a new trial.

■ While it has been held "error for the court to repeat again and again that portion of his charge which was favorable to the plaintiff, but not that part which was favorable to the defendant" (*Simms* v. *Floyd,* 65 *Ga.* 719 (3), 723), this holding was based on the absence from the record of the charge itself, to "be considered for the purpose of qualifying the grounds of the motion for new trial," reciting as a fact the basis of the error complained of. In the instant case, an examination of the charge in the record shows that while the judge repeated the general rule of law that no person can acquire good title to property taken from another by robbery or larceny, and that the good faith of a subsequent purchaser would make no difference, this principle was not unduly emphasized, but in the charge as a whole all the issues were charged as fairly to the defendant as to the plaintiff; and the judge, immediately before his first statement of the principle referred to, expressly instructed the jury that "all that I shall give you is important," and that *"none of it is to be emphasized over any other part;* so you will consider and understand all that I say in the charge is important."

■ The court gave the following instruction: "You gentlemen are not concerned in your verdict with any question of profit or as to any question of value. Whatever evidence there may have been on the question of value should be considered by you along with and under the rules of practice and evidence that I will

give you." The judge having fully and fairly impressed on the jury that the issue was one of identity of the diamond claimed, and having charged as to the burden of proof with the rules of evidence, his statement, in the sentence first quoted, that the jury were not concerned with "any question of value" manifestly had reference only to the fact that the plaintiff sought a recovery merely of the property, and not its value or any profits; and in view of the immediately following statement that the evidence of value should be considered under the rules of evidence to be given in the rest of the charge, the first statement could not reasonably have been misunderstood as meaning that the jury could not consider at all any testimony as to the value in determining the question of identity. Therefore there is no merit in the contention that while the plaintiff alleged that his diamond was of the value of $7500, the undisputed evidence showed that the actual value of the stone in court and claimed by the defendant was less than half that amount; and that this great discrepancy in the values was of such probative force as to render the charge prejudicial error. Moreover, although the plaintiff testified that he paid $7500 for the property in 1917, he did not testify that the diamond which he bought for that price and owned was worth that amount in 1933, or at the time of trial; and there was no other evidence, showing the value of the stone or stones in 1917, so as necessarily to create a discrepancy in the testimony relating to the values of the two different stones, as contended by the defendant, or of the same stone, as contended by the plaintiff.

■ Whether or not there was any error or technical inaccuracy in the charge that "expert testimony to be received and considered by you at all should be based upon facts which you find to be true, either from the testimony of the expert himself, or from testimony of others," it was not prejudicial to the defendant, under his contention that this language excluded from the consideration of the jury expert testimony which "was consistent with any facts in evidence before the jury, even though these facts were ascertained from a source and testimony other than the testimony of the expert himself, or from testimony of others where, as in this case, the ring itself found in possession of defendant was introduced in evidence." It does not appear that any of the expert testimony introduced from jewelers or diamond dealers or handlers was based

on independent facts, or facts other than those to which they themselves or others testified at the trial as to their examination of the stone or stones in the past, or as to their examination in court of the stone in dispute, the facts and results of which examination were fully referred to in their testimony, even though the stone itself was also put in evidence.

■ Under some testimony that the stone in evidence was a "blue-white diamond," and some expert testimony that the difference between a "white" and a "blue-white" diamond is so slight that it could be determined only by experts and not by laymen, the statement in the charge that the plaintiff contended in his petition that the defendant was in possession of "one white diamond," instead of "one blue-white diamond," as described, was not so material a variance as to constitute prejudicial error. Nor does any such substantial variance as to show prejudice appear in the ground complaining of a charge that the plaintiff "claims he purchased the ring in New York from Tiffany in the year 1916 or 1917," while "the uncontradicted evidence of the plaintiff is to the effect that he bought the ring in 1917."

■ The remaining ground excepts to the refusal to give in charge as requested by the defendant. These requests were properly refused, since they were merely tantamount to the direction of a verdict, and it is never error to refuse to direct a verdict; the legal question as to whether a verdict was demanded being presented by the general grounds of the motion for new trial that the verdict was contrary to law and without evidence to support it. The verdict for the plaintiff was fully authorized.

*Judgment affirmed. Stephens and Sutton, JJ., concur. Jenkins, P. J., disqualified.*