## PATTERSON *v.* THE STATE.

No. 17246. OCTOBER 11, 1950.

*W. O. Cooper Jr.*, for plaintiff in error.

*Eugene Cook, Attorney-General, Charles H. Garrett, Solicitor-General, William M. West, Frank B. Stow* and *H. Grady Simmons, Assistant Attorneys-General*, contra.

HEAD, Justice. ■ Ground 1 of the amended motion for new trial is based upon alleged newly discovered evidence. This evidence is contained in the affidavit of Dr. T. J. Howard (who testified as a witness for the State), which was, in substance, that at the time the clothing of the deceased was removed to place him on an emergency operating table in the hospital, an open knife, with a blade approximately six inches long, fell from some part of his clothing. This ground of the motion is supported by accompanying affidavits as to the character and associates of the witness, Dr. Howard, and the affidavits of the defendant and his counsel to the effect that affiants "did not know of the facts and evidence set forth in the affidavit of Dr. T. J. Howard until after the trial and conviction of the defendant," and "could not have discovered same by the exercise of ordinary care and diligence."

The witness, Dr. Howard, was not cross-examined by counsel for the defendant upon the trial. The affidavits of the defendant and his counsel, that they did not know of the evidence, and that it "could not have been discovered by the exercise of ordinary care and diligence," express nothing more than a mere opinion, and state no facts upon which the trial judge could have determined whether or not the defendant and his counsel had used due diligence. *Taylor* v. *State*, 132 *Ga.* 235, 237 (63 S. E. 1116); *Redding* v. *State*, 183 *Ga.* 704 (189 S. E. 514). The defendant was arrested within a few hours after the homicide on November 25, 1949; he was indicted on December 7, 1949; and his trial began on February 22, 1950. Neither the affidavit of the defendant, nor the affidavit of his counsel, shows whether counsel was employed or appointed, the date of his employment or appointment, or the diligence of counsel in his investigation of the charges against the defendant.

Where a new trial is sought upon the ground of newly discovered evidence, it is incumbent upon the defendant and his counsel to show the exercise of ordinary diligence in discovering the evidence, before the trial, and the opinion of the defendant and his counsel, after the trial, that the evidence could not have been discovered by the exercise of ordinary diligence, is insufficient under our law to require the grant of a new trial.

■ Grounds 2, 3, 4, and 5 assign error on the charge of the court. In each of these grounds it is conceded that the charge excepted to was correct as an abstract principle of law; but it is contended that the court repeatedly gave in charge to the jury principles of law favorable to the State, and stressed the contentions of the State, and that the charge was, therefore, argumentative and amounted to an expression of opinion by the trial judge.

That a charge which is argumentative and expressive of an opinion by the trial judge as to what has been proved, would be error, is so well recognized as to require no citation of authorities. It is pointed out in the brief of the able solicitor-general for the State that in the present case "the law with reference to reasonable doubt . . was charged eleven times." There was no such repetition in the charge of the law favorable to the State, and omission to charge principles favorable to the de-

fendant, as would require the grant of a new trial. See *Simms* v. *Floyd*, 65 *Ga.* 719, 720 (3); *Lewis* v. *Tatum*, 55 *Ga. App.* 24, 26 (189 S. E. 375).

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents.*

WYATT, J. I dissent from the ruling in headnote 1 and the corresponding division of the opinion, and from the judgment of affirmance.