34834. BAKER *v.* THE STATE.

DECIDED SEPTEMBER 19, 1953—REHEARING DENIED OCTOBER 5, 1953.

*Lewis & Rozier, J. D. Godfrey, Casey Thigpen,* for plaintiff in error.

*George D. Lawrence, Solicitor-General,* contra.

TOWNSEND, J. Johnny Baker was indicted and tried in the Superior Court of Hancock County for assault with intent to murder, and was convicted of the lesser offense of stabbing. The testimony of all witnesses agreed that Dixon, the prosecuting witness, and a friend, Pinkston, were returning home from a church meeting; that the defendant and another man drove by; and that, after some conversation, the defendant and Pinkston got in a dice game which ended in a quarrel as to who had won. The defendant picked up the money; Pinkston grabbed it from him and ran, or as he expressed it, "took the rabbit's place"; Dixon and the defendant fought—Dixon with a cane,

which he broke over Baker, and Baker with a knife, with which he several times stabbed his adversary. The case for the State showed that, after Pinkston vanished from the scene, the defendant attacked Dixon with a knife, stating that he was going to "get" him; the case for the defense was to the effect that, while Pinkston and the defendant were tussling, the defendant clouted the latter with a stick, and that he then turned to defend himself, and, in so doing, inflicted the wounds on the witness's head, shoulder, and hip.

The defendant here assigns as error the overruling of the motion for a new trial on two special grounds only, relating to the charge of the court.

■ Proof of the offense of assault with intent to murder must include proof of all the elements of murder, including the intent to kill, except only the death of the victim. Under an indictment for this crime the defendant may be found guilty of the lesser offense of stabbing where the weapon used was a knife or similar object, and where there was no specific intent to kill. *Davis* v. *State*, 76 *Ga. App.* 860 (47 S. E. 2d 670). The defendant, while conceding that the court properly charged Code § 26-1701 relating to that offense, contends that it was error harmful to the defendant to twice charge the first sentence of this section as follows: "Any person who shall stab another, except in his own defense or other circumstances of justification, with a sword, dirk, or knife, or other instrument of like kind, shall be guilty of a misdemeanor."

It is error "to repeat again and again that portion of his charge which was favorable to the plaintiff, but not that part which was favorable to the defendant." *Simms* v. *Floyd*, 65 *Ga.* 719 (3). But mere repetition of a principle of law, while unnecessary, will not work a reversal unless it appears from the charge as a whole that there was such undue emphasis as to result in an unfair statement of the law in relation to the defendant's rights. See *Patterson* v. *State*, 207 *Ga.* 357 (2) (61 S. E. 2d 462) ; *Lewis* v. *Tatum*, 55 *Ga. App.* 24 (3) (189 S. E. 375). The charge here was fairly lengthy, being nine pages, and devoted almost exclusively to abstract questions of law. The principles relating to self-defense, justification, and acts done under the fears of a reasonable man for his life were fully and fairly charged. In view of the whole charge, the contention that this

repetition in effect instructed the jury that, if they acquitted the defendant of assault with intent to murder, they must find him guilty of stabbing another is without foundation in fact. This ground is without merit.

■ Complaint is further made, in the second special ground, that the court incorrectly gave in charge to the jury the law of involuntary manslaughter, because there was no evidence in the case that the stabbing was accidental, the defendant contending that he stabbed the witness intentionally and in self-defense. The defendant's statement in this regard was as follows: ". . . and J. M. came up behind me at that time and hit me with a reed, hit me back of the head with it and I turned loose and caught hold of him, and me and him fell on the ground. That is when I cut him then, stuck my knife in him." This statement carries a logical, but not inescapable, inference that the defendant intended to cut or stab his opponent, but only the conclusion that he *did* do so. From this and other evidence in the case, it was proper for the court to submit to the jury the defendant's intention, and the more so, since intent to kill was a necessary ingredient of the offense charged. It was on the subject of reduction of the crime of assault with intent to murder that the court charged that part of Code § 26-1701 as follows: "Provided, that if such stabbing shall produce death, the offender shall be guilty of murder, or manslaughter, according to the facts and circumstances of the case; or if such stabbing shall not produce death, and the facts and circumstances show that it was the intention of the person stabbing to commit murder, the offender shall be guilty of an assault with intent to murder." The court then proceeded to define murder, voluntary manslaughter, and involuntary manslaughter in the commission of an unlawful act. One may be guilty of the offense of stabbing under circumstances which show no intent whatever, but only accident resulting from criminal negligence—which, had it resulted in death, would have been involuntary manslaughter in the commission of an unlawful act. *Wallace v. State*, 95 *Ga.* 470 (2) (20 S. E. 250). Accordingly, the charge here was not error for any reason assigned.

The trial court did not err in denying the motion for a new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*