## 27564.  HOWARD v. THE STATE.

NICHOLS, Justice. This is an appeal after a conviction of rape. A motion for new trial, as well as a motion for a judgment non obstante veredicto was filed in the trial court. The motion for new trial as amended was overruled by the trial court, and according to the amended notice of appeal the defendant expressly abandoned the motion for judgment non obstante veredicto in open court. *Held:*

1. During the closing argument a motion for mistrial was made on the ground that the district attorney commented on the failure of the defendant to make a statement. The exact language is not shown by the transcript. According to colloquy at the time the motion for mistrial was made the district attorney stated that such was the defendant's

right and he was not criticizing him. The trial court rebuked the district attorney and instructed the jury to disregard the statement.

"[T]his court has repeatedly held that if the trial judge acts immediately, and in the exercise of his discretion takes such action as in his judgment prevents harm to the accused as a result of such improper statements, a new trial will not be granted unless it is clear that such action failed to eliminate from the consideration of the jury such improper statements. *Brown v. State,* 148 Ga. 264, 266 (96 SE 435); *Johnson v. State,* 150 Ga. 67 (1) (102 SE 439); *Waller v. State,* 164 Ga. 128 (4) (138 SE 67)." *Nelson v. State,* 187 Ga. 576, 583 (1 SE2d 641); *Spell v. State,* 225 Ga. 705, 708 (171 SE2d 285). See also *Moore v. State.* 228 Ga. 662, 664 (187 SE2d 277). No abuse of discretion appears in the present case. The decision in *Carter v. State,* 107 Ga. App. 571 (130 SE2d 806), relied upon by the defendant, relates to a statement by the State's attorney commenting on the failure of the defendant to be sworn and submit to cross examination and is, therefore, not applicable to the present case.

2. Where, as in the present case, a request to charge is incomplete and the trial court after giving such requested charge gives additional instructions to complete the charge, such additional instructions are not error because also repetitious of the same or similar language found elsewhere in the complete charge. Compare *Patterson v. State,* 207 Ga. 357 (2) (61 SE2d 462); *Baker v. State,* 88 Ga. App. 894 (78 SE2d 357).

3. An enumeration of error which is expressly abandoned need not be considered.

4. The jury was authorized by the evidence to find that the defendant broke into the home of the prosecutrix, threatened her, threw her on a bed and raped her. Her testimony was corroborated and the verdict of guilty was authorized by the evidence.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 14, 1972—DECIDED DECEMBER 4, 1972.

*Briley & Marchman, Joseph H. Briley,* for appellant.
*Joseph Duke, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Frank M. Palmour, Deputy Assistant Attorney General,* for appellee.