## GEORGIA R. R. & BANKING CO. *v.* KEATING.

*Lumpkin, J.*—1. The action being for personal injuries actually received by the plaintiff, it is not cause for a new trial that the court gave in charge to the jury so much of section 3067 of the code as is embraced in the following words—"In some torts the entire injury is to the peace, happiness or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors" —it appearing that in other portions of the charge the judge properly instructed the jury in what particulars they should find only the actual damages sustained, and that he confined the application of the rule embraced in the above quoted language to the damages resulting from pain and suffering and the like.

2. There being sufficient evidence to warrant the verdict, this court will not set it aside after its approval by the trial judge; and though for a very large sum, it is not so excessive as to authorize a suspicion of bias or prejudice on the part of the jury.                                      *Judgment affirmed.*

August 18, 1896.

Action for damages.  Before Judge Reese.  Taliaferro superior court.  August term, 1895.

Edward Keating sued the railroad company for damages resulting to him by a fall from its train on which he was a passenger, whereby his left foot was thrown under the wheels of a car and cut off.  He obtained a verdict for $9,000, and defendant's motion for a new trial was overruled.  The motion alleges, that the verdict is contrary to law and evidence, that the amount is excessive, and that the court erred in refusing to grant a nonsuit, and further erred in charging as shown in the first head-note.

The plaintiff alleged that the company's servants were negligent, in failing to provide any light at or near the station where he was leaving the train; and in suddenly starting the train with a jerk before he had reached the ground, without having given him sufficient time to leave the car. The testimony shows, that the plaintiff, with his wife and two children, went upon an excursion train from Sharon to Atlanta, and returned on the same train, reaching Sharon about nine o'clock at night.  When the train stopped there plaintiff directed his wife to take the younger child and go out one end of the car with one Kendrick, whom he expected would help them off, while plaintiff took the older child, a girl of eight years, and immediately went out the opposite end.  This child was helped off by one Johnson who was standing on the steps of the car, plaintiff being behind her.  He started to the steps to get off, but just as he was in the act of stepping to the ground, holding to the banister with his left hand, the train moved and jerked him down, throwing his left foot upon the track rail where it was run over by the car-wheels before he could extricate it. In another part of his testimony plaintiff says: "My child was ahead of me.  When she was taken off I do not think the cars were in motion.  I think they were started just as she was taken off.  I got off after she got off.  The cars

moved when my little girl got off. They were in motion when I attempted to get off." It further appears that the train did not stop longer than half a minute, and according to some testimony, not over fifteen or twenty seconds; that several persons fell over each other in attempting to get off; and that plaintiff's wife was upon the platform of the car when the train started to move and would have fallen had she not been caught and held by a man on the ground. There was no light at or near the station. The conductor of the train was sitting down in the car where plaintiff was at the time the train stopped. Plaintiff was a farmer 40 years of age, with a wife and six or seven children whom he supported by his labor on land which he rented. He made about $500 a year. He had taken some whiskey during the day preceding the injury, but was not affected thereby so as to be otherwise than in full possession of his faculties.

*Joseph B. & Bryan Cumming* and *M. P. Reese*, for plaintiff in error.

*H. M. Holden* and *W. M. Howard*, contra.