## HENSON v. TAYLOR & McCAIN.

1. In an action of trespass vi et armis, in which it is alleged by the plaintiff in his petition that he had title to and was in lawful possession of personal property which, without his consent and against his protest, was forcibly seized and taken from him by defendant, a written contract between the parties by virtue of which the plaintiff acquired his title is admissible in evidence in his behalf; especially is this true when the defendant in his answer to the action denies the plaintiff's title and right of possession.

2. When on the trial of such a case defendant relies on an alleged tender of the property made him by the plaintiff before the unlawful seizure complained of, and introduces evidence touching a proposition of compromise or settlement between the parties leading up to such tender, it is not error for the court to admit in rebuttal, in explanation of such proposition and offer to settle, testimony showing that such offer was made on account of serious defects in this property, the same having been bought by plaintiff from defendant.

3. There was no error in the court's refusing to allow the defendant to testify what he had received for the use of the property while the same was in possession of the plaintiff; as this would have illustrated no issue involved in the pleadings.

4. The fact that after the property went into possession of defendant by virtue of his forcible seizure of the same, plaintiff brought suit for and recovered the purchase-money he had paid thereon, does not bar the plaintiff of a right of action for damages growing out of such unlawful seizure of the property by defendant at the time when it was rightfully in plaintiff's possession; the last action being for general damages growing out of the tort, and not for the value of the property.

5. It is not error requiring a new trial that the court omitted to charge the jury there could be no recovery for a certain element of damages mentioned in the petition, on which there was no proof; no request to do so being made, and the judge in his charge restricting the jury in their investigation only to such damages as were covered by the evidence, and thus involved in the case.

6. There was sufficient evidence to sustain the verdict.

Argued June 16, — Decided July 28, 1899.

Action for damages. Before Judge Harris. City court of Floyd county. September term, 1898.

*W. S. McHenry* and *Almer R. Davis*, for plaintiff in error. *Nat Harris*, contra.

Lewis, J. An action of trespass vi et armis was brought in the city court of Floyd county by Howell C. Taylor and Martin S. McCain, constituting the firm of Taylor & McCain, against

Fred Henson, the damages claimed being five thousand dollars.. It appeared from the petition that the plaintiffs were engaged in business as barbers in the city of Rome; that they had in their place of business certain furniture consisting of a washstand, basin, trap and pipes, on brackets, with basin cocks, etc., also a thirty-gallon galvanized iron boiler and a gas water-heater, all of which were necessary in the conduct of their business. Petitioners had title to said articles; they had paid defendant therefor twenty-three dollars and fifty cents in cash, giving him their notes for balance of purchase-money. The gas heater and boiler and washstand were permanently attached to the building, and petitioners were entitled to the use, possession, and quiet enjoyment of this property. The defendant, Fred Henson, with two able-bodied men, entered petitioners' place of business, without their consent, and began forcibly to seize said articles, which action petitioners protested against, but defendant forcibly, wantonly, and maliciously continued to detach them from the building, and finally removed them from the premises. To this action the defendant pleaded, denying the charge of forcibly seizing the property as alleged by plaintiffs, that they were entitled to the use, possession, and quiet enjoyment of the articles, and that they had any title thereto. He admitted entering petitioners' place of business and taking therefrom the articles in question, with two other men, but denied that it was without petitioners' consent. The jury returned a verdict for the plaintiffs for one hundred dollars. Whereupon defendant moved for a new trial, and in his bill of exceptions alleges that the court erred in overruling his motion.

1. Error is assigned in the motion for a new trial, because the court admitted, over objection of counsel for defendant, a certain written contract, the error being, this was an action for trespass vi et armis, and not a suit on a contract. The trespass being alleged as a forcible, malicious, and wilful severing and carrying away from the place of business of plaintiffs certain property therein contained, without the consent of plaintiffs, it was contended that the contract between these parties for furnishing the articles was immaterial, and did not elucidate the issue on trial, and was calculated to mislead the jury. We

might dispose of this ground by the observation, that the motion itself does not set forth specifically what the contract was that was admitted; but the evident reference was to a contract of sale of these goods by the defendant to the plaintiffs below, by virtue of which title to the property passed from Henson to Taylor & McCain. It was manifestly, under the pleadings, admissible to show title as alleged by the petition and denied by the answer.

2. Another ground in the motion is, that the court erred in allowing the plaintiffs to introduce in evidence testimony as to the condition of the property. The object of this testimony was to show that the property was in a defective condition, and not at all adapted to the use for which it was intended. It was brought out on the cross-examination of plaintiffs' witness by the defendant's counsel what proposition for a settlement touching the sale and purchase of the goods had passed between the parties and their attorneys, and in the course of the investigation it was developed that Taylor & McCain had written a letter to defendant, tendering back the property, and virtually offering to rescind the trade. Testimony was introduced showing the condition of the property as an inducement for making this offer. We think it was clearly admissible. In fact Henson upon the stand did not deny the defective condition of the articles sold.

3. The point is further made in the motion, that the court erred in allowing Henson to answer the following question: "What did you get for the use of that property from October, 1897, to February, 1898?" This included the period of time when the property was in possession of Taylor & McCain. It manifestly had nothing to do with the issues involved in this case. There was no offset pleaded by the defendant, claiming anything due him for the use of the property, even if such had been permissible in an action for damages growing out of a tort.

4. There was some testimony tending to show that after the property went into the possession of the defendant, by virtue of his forcible seizure thereof, Taylor & McCain recovered in an action against him the amount of the purchase-money they

had paid thereon. It is contended by counsel for plaintiff in error that this amounted to a rescission of the contract of sale, and that therefore there could be no recovery of damages growing out of the possession of the property by the defendant. But at the time of this seizure Taylor & McCain were not only in the lawful possession of the property, but they had the title thereto. They clearly had a right to maintain an action for damages on account of being illegally deprived of such possession. In the present action there is no claim for the value of property as a part of the damages, but the damages sought are simply of a general nature growing out of a disturbance of plaintiffs in the conduct of their business and forcibly seizing and carrying away, against their consent and under their protest, the property in question. After Henson had thus acquired the property, an action against him to recover back the purchase-money that had been paid thereon was certainly no bar to the suit against him for a tortious act committed when the property was lawfully in the possession of the plaintiffs.

5. Another ground in the motion for new trial was, that while the plaintiffs declared for damages to their business, loss of customers, etc., there was no evidence to support any of such allegations, and the court erred in omitting and failing to charge the jury that no recovery could be had on any such allegations. There was no request made to the judge to so instruct the jury. By reference to his charge embodied in the record, it appears that he restricted the jury in their investigations on the subject of damages (in the event they found the defendant liable) only to damages of a general nature growing out of the tortious act, and gave them the correct rule of law upon this subject. There was nothing whatever in his charge to indicate that the plaintiffs were entitled to any recovery for damages to their business, or loss of customers.

6. The above disposes of all the grounds in the motion for new trial, except the general ones, that the verdict was contrary to law and evidence. The only testimony in the record that seems to constitute any basis for a justification of the act of Henson, complained of, is the letter written him by Taylor

& McCain, tendering the goods back, and in effect inviting him to come and get them. There was no immediate response made to this offer. It was evidently intended as a compromise and settlement of their differences, and was an effort to rescind the trade by delivering back the articles. Nothing was said in the letter about Henson paying back the money he had received in cash as part payment for the goods. It was about two weeks after this letter was written that Henson came to the place of business of Taylor & McCain, with two other men, and, by force and against the wishes of the owners of this property, detached the property from the building, and removed it from the premises. Taylor & McCain even called the aid of a policeman to prevent such an invasion of their premises. The policeman decided that it was not a matter in his jurisdiction, and retired from the scene. It can not be gathered even from Henson's testimony that at the time of his seizure of the property Taylor & McCain consented thereto. To thus deprive one of the peaceable possession of property gives a right of action for damages, though the parties in possession had no legal title to the property. It was accordingly held by this court in *Shores* v. *Brooks*, 81 *Ga.* 468, that for a landlord to go upon rented premises before the year has expired, break open a locked outhouse, and take therefrom the tenant's cotton, against his protest and remonstrance, is a trespass for which punitive damages may be awarded, even though the cotton be bound for supplies which the landlord has furnished, and though such forcible seizure of it be made for the purpose of selling it, and though it be fairly sold and the proceeds applied to the debt for supplies. We are inclined to think this case presents much stronger grounds for recovery of damages than the one just cited. Certainly a mere proposition of compromise to settle a dispute between these parties can afford no excuse in law for the tortious and violent acts committed by plaintiff in error two weeks thereafter, without even ever having signified an acceptance of the proposition made. It was a case for penal damages, and the verdict for one hundred dollars, even without any proof of actual damages, was sustained by the evidence.

*Judgment affirmed. All the Justices concurring.*