25139. SOUTHERN GROCERY STORES INCORPORATED
*v.* CAIN.

DECIDED JULY 6, 1936. REHEARING DENIED JULY 23, 1936.

*Harold Hirsch, Marion Smith, M. E. Kilpatrick,* for plaintiff in error.

*Parham & Simpson, Douglas, Andrews & Cole,* contra.

STEPHENS, J. Mrs. E. A. Cain filed a petition against Southern Grocery Stores Incorporated, in which she alleged that she went into a store operated by the defendant to buy groceries; that after buying them, when she started to walk out through the front door, the floor suddenly broke through, causing her to fall and severely injuring her; that the defendant was having the floor repaired at the time; that the floor consisted of two layers of planks, and the defendant's agents had removed the first layer of planks; that there was a weak and defective place in the floor, directly in the path from the main entrance to the counter; that the defendant knew of the defective condition of the floor, and had failed to use reasonable diligence in keeping the floor in a safe condition for customers to pass over, and had failed to brace the under part of the floor; that she received certain injuries; that the defendant was negligent in keeping its place of business open while it was under repair without giving warning to its customers of the dangerous and defective condition, and in removing the first floor without properly bracing the floor to prevent its breaking. In an amendment to the petition she further alleged that at the time she entered the store, a workman was engaged in repairing the floor near the door, and the defendant knew or could have known of its unsafe and dangerous condition, by the use of ordinary care; that the defendant was negligent in allowing her to enter the store while the flooring was in unsafe condition, and in not warning her of the danger; and that she received serious and permanent injuries which she described. The defendant answered, denying all the material allegations of the petition. In an amendment to its answer the defendant alleged that if the plaintiff was injured her said injuries were due to no fault or negligence of the defendant, but to the plaintiff's own

negligence and failure to exercise ordinary care, and that her own failure to exercise ordinary care contributed to and caused her said injuries, if she was injured; and that the store at the time alleged in the petition had been turned over to the owner of the building and possession turned over to the contractor of the owner, and was in the sole possession and control of the contractor with respect to the condition of the floor at that time. After a verdict in favor of the plaintiff, a motion for new trial was overruled, and the defendant excepted. On a former trial of this case the plaintiff obtained a verdict which was set aside on account of an error in the charge of the court. *Southern Grocery Stores Inc.* v. *Cain,* 50 *Ga. App.* 629 (179 S. E. 128).

■ It is contended that the evidence demanded a verdict for the defendant, for the reason that it showed conclusively that the plaintiff failed to exercise ordinary care in going into the store, and especially in the manner of her exit. The plaintiff testified "When I walked out of the store I had several bundles, and I was holding them in my arms. I was not looking underneath my feet. I could not see where I was walking with those bundles up there." She also testified that she attempted to pass over the same space on the floor in going out as she had used in entering the store; and that while she was making her purchases the top layer of the floor had been removed from the space adjacent to the door, without any notice to her. There was evidence to the effect that in entering the store she passed over a part of the floor on which no work was being done, and while she was busy making her purchases the workmen removed the top flooring from the space over which she would have to pass in going out, and no warning whatever was given her of this change. When she stepped on the subflooring it gave way under her, owing to its rotten condition. There was testimony also that the plaintiff was the last customer in the store, and no reason appeared why the defendant's employees, or one of them, could not have seen to it that this customer had a safe exit, or at least was warned about the new danger which had been created in the short time during which she had been in the store. The evidence authorized the inference that the plaintiff was not negligent, and that the defendant was negligent as alleged, and that this negligence was the proximate cause of the plaintiff's injuries.

■ It is alleged that the court erred in charging the jury: "The defendant contends . . that, if the plaintiff was injured at all, her injuries were of a minor nature and not of a serious nature, merely temporary." The form of expression used by the court was the same as that used by the defendant in an amendment to its answer, which said: "If the plaintiff was injured, her said injuries were due to no fault or negligence of this defendant," etc. In both cases, the clause "if the plaintiff was injured" plainly implies a denial of the fact of injury. So it can not be said that the court intimated that the defendant admitted some injury, without establishing by the same reasoning that the defendant did admit some injury. Besides, as certain testimony by physicians who testified as witnesses for the defendant was to the effect that they found no signs of injury from a physical examination or from x-ray pictures, all of which were made several years after the alleged injury occurred, it was not a substantial or serious misstatement for the court to say that the defendant contended that, if the plaintiff was injured at all, her injuries were of a minor nature, and not of a serious nature, merely temporary.

■ Two excerpts from the charge are excepted to. One is: "If the plaintiff failed to exercise ordinary care to have avoided the consequences of the defendant's negligence, if any, then there could be no recovery in this case." The other is: "If you further believe that by the exercise of ordinary care the plaintiff could not have avoided the consequences of the defendant's negligence, if any, . . then negligence on the part of the plaintiff would not prevent a recovery of damages in this case." The criticism of these parts of the charge is that the court limited the duty of the plaintiff to exercise ordinary care to avoid the consequences of the defendant's negligence, and failed to state the duty to discover the consequences of the defendant's negligence, if any, after it should have been apparent. This criticism is sufficiently answered by other parts of the charge, which said: "If by the exercise of ordinary care on the part of the plaintiff she could have avoided the consequences of the defendant's negligence, if the defendant was negligent, or could have discovered the defendant's negligence, if the defendant was negligent, and failed to exercise ordinary care, she would not be entitled to recover," and "the duty to exercise ordinary care to avoid the consequences of another's negli-

gence does not arise until the injured party knew, or in the exercise of ordinary care ought to have known, of the negligence of the defendant, or such negligence is apparent, or by the exercise of ordinary care should have been apparent, if negligence there was."

■ Exception was taken to the refusal of the court to give in charge an instruction requested in writing. This request eliminated all the circumstances but one from consideration by the jury, and was practically a request to direct a verdict for the defendant. The court did not err in refusing it.

■ It is insisted that the court abused its discretion in refusing a request that the defendant, during a recess in the trial, be allowed to have the plaintiff examined and x-rayed as to her sacroiliac joint. This was a second trial of the case. Before the first trial the plaintiff, at the instance of the defendant, had submitted to a physical examination and to the taking of x-ray pictures of the parts of her body which she claimed to have been injured. In the time between the first and second trials the x-rays taken by the defendant's physician-witness were lost. But the two physicians who acted for the defendant in making the examination and x-rays of the plaintiff testified on the last trial, not only as to the examination but also as to what the x-rays showed. Since it needs an expert to interpret an x-ray, and the defendant's expert was permitted to testify as to what the pictures showed, without having them before him, it does not appear that the absence of the pictures, which had been lost without fault of the plaintiff, could have been hurtful to the defense. The fact that there was some testimony to the effect that the plaintiff's injury was a progressive one would not necessarily require the court to order the plaintiff to submit to additional physical examinations and photographing by the defendant. The right to examine the plaintiff is not absolute, but rests in the discretion of the trial court. *Macon & Birmingham Railway Co.* v. *Ross,* 133 *Ga.* 83 (65 S. E. 146). There must be some limit as to the number of times a defendant in a suit for personal injuries may compel the plaintiff to submit his or her body to the scrutiny of physicians employed for the purpose of their becoming witnesses for the defendant. The court is not obliged to order a re-examination of the plaintiff whenever there is an alleged change in the condition of the plaintiff for better or for worse, or every time a case is retried. There appears

no abuse of discretion by the judge in refusing an order compelling the plaintiff to submit to re-examination and to another x-ray being taken. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*