25156. McLain v. ATLANTIC ICE & COAL CORPORATION *et al.*

STEPHENS, J. 1. Where a corporation, engaged in the business of selling ice, coal, and refrigerators, has in its employment a local manager whose duties are to travel over territory and sell the merchandise of the corporation and make collections for sales, and a general manager for the territorial district in which the local agency is located, who is necessarily by virtue of his office (where it does not appear otherwise) authorized to do all acts connected with the particular trade or business of the corporation within the territory (*Columbus Show-Case Co.* v. *Brinson*, 128 *Ga.* 487, 489, 57 S. E. 871), and who as such has authority to permit any one to travel with the local manager in the corporation's automobile which the local manager is using for the purpose of attending to the business of the corporation; and where the local

manager, a woman, in making a particular trip in the automobile in furtherance of the discharge of her duties as agent of the corporation, does not wish to travel through the country alone, but desires that another woman travel with her as a companion on the trip; and where a woman, with the consent and permission of the general manager and at his request, accompanies the local manager in the automobile on such trip, the woman in accompanying the local manager in the automobile is not riding therein as a trespasser, but is present in the automobile as a matter of right, and is there with the authority and consent of the corporation. She occupies at least the situation of a gratuitous guest; and where, as the proximate result of the grossly negligent operation by the local manager of the automobile while on the trip for the purpose indicated, the woman accompanying her is injured, the corporation, under the doctrine of respondeat superior, is liable for such injuries. The ruling here made is distinguishable from that in *Greeson* v. *Bailey*, 167 *Ga.* 638 (146 S. E. 490). In that case the person injured was riding in the automobile without authority of the owner whose servant was the operator of the automobile.

2. Where the operator of an automobile along a public highway at night, when the automobile is within about 100 feet of another automobile which is approaching from the opposite direction with headlights burning and in plain view, suddenly and without checking the speed of the automobile steers and swerves the automobile from the right side of the roadway upon which it is being operated, across to the left side of the roadway directly in the path of the approaching automobile and collides therewith, the inference is authorized that the operator of the first automobile when swerving it to the left as stated is guilty of gross negligence in the operation of the automobile.

3. Under the above rulings, the petition, in which it was alleged that the plaintiff while riding in the defendant's automobile was injured as a result of the gross negligence of the defendant through its agent in the operation of the automobile, set out a cause of action against the corporation, and the court erred in sustaining the general demurrer.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JULY 9, 1936. REHEARING DENIED JULY 23, 1936.

*M. C. Edwards, Branch & Howard,* for plaintiff.
*S. B. Lippitt, R. R. Marlin,* for defendants.