31587. BARBRE, administrator, etc. *v.* SCOTT.

Decided July 15, 1947.   Rehearing denied July 29, 1947.

528

*Bennet, Peacock & Perry, Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.

*E. L. Smith, S. B. Lippitt,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ One riding by invitation and gratuitously in another's automobile can not 'recover for injury caused by the other's negligence in operating such automobile, unless it amounts to gross negligence. But questions of negligence and diligence, even of gross negligence and slight diligence, are questions of fact and not of law and are, as a rule, to be determined by a jury. *Atlantic Ice & Coal Corp.* v. *Newlin,* 56 *Ga. App.* 428 (192 S. E. 915), and citations; *Moore* v. *Shirley,* 68 *Ga. App.* 38 (21 S. E. 2d, 925), and citations. "In general, slight diligence is that degree of care which every man of common sense, howsoever inattentive he may be, exercises under the same or similar circumstances. . . The absence of such care is termed gross negligence." Code, § 105-203. Under all the facts and circumstances of the present case—including the testimony that the accident occurred at night near a curve just across a bridge on a highway with which the deceased was familiar, that

it was raining, or had recently been raining, that the tires on the rear of the car were worn and slick, that there were seven persons in the automobile, that the car went across the pavement to the left and through a four-foot-deep excavation and into a pine tree; that the car was traveling at a rate of speed of about 50 miles an hour, and including the admission of the deceased, that it had been raining and a number of cars were passing on the highway in both directions, and that when the car began skidding and sliding, he became confused and lost complete control of the car and was not definitely sure of what happened—we can not say, as a matter of law, that the jury was not authorized to find that the deceased, W. M. Scott, was guilty of gross negligence in the operation of said car, and that such gross negligence was the proximate cause of the injuries for which the plaintiff sought to recover damages in the present action. *West* v. *Rosenburg,* 44 *Ga. App.* 211 (5) (160 S. E. 808); *Atlantic Ice & Coal Corp.* v. *Newlin,* supra; *While* v. *Boyd,* 58 *Ga. App.* 219, 225 (198 S. E. 81); *McLain* v. *Atlantic Ice & Coal Corp.,* 54 *Ga. App.* 103 (187 S. E. 153); *Duncan* v. *Ross,* 56 *Ga. App.* 394 (192 S. E. 638). The verdict was supported by the evidence, and the court did not err in overruling the general grounds of the motion for a new trial.

In special ground 4, error is assigned on the ruling of the court allowing a witness for the plaintiff to testify that he talked with W. M. Scott in the hospital the day after the accident, and that W. M. Scott told him that it had been raining and he was driving his car and a number of cars were passing on the highway in both directions, and that when his car began skidding and sliding, he became confused and lost complete control of the car and was not definitely sure of what happened. At the time the testimony was offered, counsel for the plaintiff stated that it was being offered as a declaration of a person, since deceased, against his interest. The defendant objected to the allowance of the testimony upon the grounds, that it was not a declaration against interest, as the attorneys were proposing to file pleadings in behalf of the administrator setting out that there were no assets of the estate; that it did not appear from the statement that it was against the interest of W. M. Scott; and that it was irrelevant, hearsay, and immaterial. The court overruled the objection and admitted the testimony.

The defendant contends that, since it appears from the evidence that the deceased owned no property out of which the plaintiff could seek compensation, and that his only asset was an automobile liability-insurance policy, the declaration was not against the pecuniary or proprietary interest of the deceased, and the effect of allowing the testimony was to permit the insured, who had no property, to build up a case against himself in favor of the plaintiff to make the insurance carrier pay for the plaintiff's injuries. The court did not err in allowing the testimony and in overruling the objections of the defendant. "The declarations and entries by a person, since deceased, against his interest, and not made with a view to pending litigation, shall be admissible in evidence in any case." Code, § 38-309. It was held in *Field* v. *Boynton,* 33 *Ga.* 239 (2), "The declarations of one, whether verbal or in writing, of a matter which is against his interest at the time, and who is since deceased, is admissible as evidence in a suit between third persons, whether such declaration relates to the present or past occurrences." Even if the present suit is treated as one between third persons, the evidence was clearly admissible under the above rule. It was not necessary for the deceased to have property to pay any judgment which might be rendered against him on account of the accident, for the admission to be against his interest. Nor was the solvency or insolvency of the estate material on the issue as to whether or not the admission was against the interest of the deceased at the time it was made. The only defendant named in the action was the administrator of the estate of the person making the statement. The insurance company does not appear as a defendant to said action, nor do the terms and provisions of the policy of liability insurance appear from the evidence in the case. As a general rule, however, the liability of an insurer under a policy against liability is the same whether the insured or his estate is solvent or insolvent. Nothing appears to take this case without the general rule, that the declarations of a person since deceased against his interest are admissible in evidence in any case, and the court did not err in admitting the testimony and in overruling special ground 4.

■ The petition designated Joe Bell Barbre, as administrator of the estate of W. M. Scott, deceased, as sole defendant in this action, which was brought in three counts and sought to recover

a total of $18,184.45 from the defendant administrator. The original answer filed by the defendant was a general denial of the allegations of the petition, and did not include any of the special pleas provided in the Code for an administrator to file to protect himself from personal liability when sued in his representative capacity. See Code, §§ 113-2108, 113-2109, 113-2110. The original answer was signed by the law firm of Bennet, Peacock & Perry. During the trial, the defendant administrator, through attorneys, Malone & Peacock, tendered the following amendment to his answer: "Now comes the defendant, Joe Bell Barbre, as administrator of the estate of W. M. Scott, deceased, and with leave of the court first had and obtained, amends his plea and answer heretofore filed in said case and says: 1. That, as the administrator of the estate of W. M. Scott, deceased, he has fully administered said estate, according to the law except as to the following asset, to wit: liability policy number AC No. 119970, with the Glens Falls Indemnity Company, and that since he had notice of plaintiff's demand, he has had none other of the property or effects or assets belonging to said estate in hand to be administered than the property or effects or assets hereinbefore set forth; and of this he puts himself upon the country." At the time this amendment was offered, Louis A. Peacock stated that his firm had been employed by Joe Bell Barbre to protect his interests, and that the amendment was offered so that he might be protected against any verdict that might be rendered in the case. Other counsel for the administrator stated that there was no bona fide dispute between the plaintiff and the administrator personally, as there was an agreement between them that, in the event a verdict was returned in the plaintiff's favor, the judgment would be so written as to be collectible out of the proceeds of the policy or any other and further assets that might come into the hands of the administrator, and that no personal liability would be asserted against the administrator. Counsel who filed the original answer for the administrator objected to the court reading the amendment to the jury. When stating the contentions of the parties in the charge to the jury, the judge read the amendment along with the other pleadings in the case, and the assignment of error is that he erred in reading the amendment to the jury, because it illustrated no issue in the case that the jury was called upon

to determine, and was highly prejudicial and injected into the case that the deceased was covered by an insurance policy.

While the voluntary injection by the plaintiff of "the insurance company" into a case by irrelevant and inadmissible testimony or by improper and impertinent remarks of counsel may, under some circumstances, be such error as to require the court, on proper motion, to grant a mistrial *(Decatur Chevrolet Co.* v. *While,* 51 *Ga. App.* 362, 180 S. E. 377, and citations; *Minnick* v. *Jackson,* 64 *Ga. App.* 554, 13 S. E. 2d, 891), and the injection of "the insurance company" into a case by the court by irrelevant and improper remarks or statements to the jury may likewise be such error as to require, on proper motion, the grant of a mistrial—the mere fact that an insurance company is mentioned during the trial of a case by evidence that is otherwise competent and admissible does not make the evidence inadmissible or its admission error. In this connection, see *Heinz* v. *Backus,* 34 *Ga. App.* 203 (2, b) (128 S. E. 915); *Sims* v. *Martin,* 33 *Ga. App.* 486 (126 S. E. 872); *Goldstein* v. *Johnson,* 64 *Ga. App.* 31, 35 (12 S. E. 2d, 92); *Atlanta Coach Co.* v. *Cobb,* 178 *Ga.* 544, 549 (174 S. E. 131). Nor does the fact that an insurance company is mentioned by a defendant in his answer, render the answer improper or the submission of the same to the jury error, where it was necessary to mention such insurance company to fully protect the rights of the defendant. No exception was taken to the allowance of the amendment to the answer. Assuming, but not deciding, that a defendant may assign error on the action of the court in submitting to a jury the allegations of a plea filed by such defendant, under the facts of the present case the action of the court was not error for any reason assigned, and the court did not err in overruling special ground 5.

■ In special ground 6, error is assigned on the court submitting to the jury the allegations of negligence contained in the petition, to the effect that the deceased was grossly negligent in driving his automobile across the paved highway into an excavation about four feet deep, which existed along the left-hand side of the highway, and in not operating his automobile along the right-hand side of said highway, upon the ground that there was no evidence to support such charge, and that such facts, if true, were not sufficient to charge the deceased with gross negligence. The

judge did not err in submitting this ground of negligence to the jury and in refusing the defendant's request to charge, eliminating this ground of negligence from the petition. Whether or not the deceased was grossly negligent in losing control of his car and in driving it across the highway to his left and into the excavation four feet deep by the side of such highway and in not driving his car along the right-hand side of the highway, was, under the pleadings and the evidence in this case, an issue for the jury, and the court did not err in submitting such allegations of negligence to the jury and in overruling special ground 6.

Complaint is made in special ground 7 that the court erred in submitting to the jury the allegations of negligence set out in the petition to the effect that the deceased was grossly negligent and negligent per se in operating his automobile at a speed in excess of 50 miles per hour around a curve and in not reducing the speed of the automobile in rounding said curve, in violation of the provisions of the Code, § 68-303 (e). The contention of the defendant is that there was no evidence to authorize the submission of these allegations of negligence to the jury, and it did not appear that the speed of the car contributed in any way to the accident. There was evidence from which the jury was authorized to find that the deceased was operating his automobile at a rate of speed of about 50 miles an hour; that the highway crossed a concrete bridge on a curve, and that the pine tree with which the deceased's car collided was situated near the end of the curve and about 130 yards from the concrete bridge; and that the car struck the tree with sufficient force to cause parts of the car to be thrown forward as much as 30 feet from the tree. Photographs of the scene of the accident and the bridge and curve in the highway, and of the automobile after said collision, were placed in evidence. Under the pleadings and the evidence, the court did not err for any reason assigned in this ground.

In special ground 8, complaint is made that the court erred in submitting to the jury the allegations of negligence, to the effect that the deceased was grossly negligent in that he was an habitual user of eyeglasses and was operating the car at the time of the accident without his glasses, and as a result thereof his view was obstructed by his defective vision. The defendant contends that there was no evidence as to the extent to which the deceased's

vision was impaired without his glasses or that he could not see well enough without them to drive the car. The evidence was undisputed that the deceased usually wore his glasses while driving. One witness testified that the deceased "always wore his glasses when he was reading or driving," and there was evidence to authorize the jury to find that at the time of the accident the deceased was driving without his eyeglasses. Under the evidence, the jury could infer that the deceased's eyesight was defective without the use of eyeglasses, since he usually wore them while driving, and that he would not habitually wear them unless they were needed; and that, since the deceased needed to wear eyeglasses while driving, his vision without them was materially impaired. In this connection, see Code, §§ 38-113, 38-123. Under the pleadings and the evidence, the court did not err for any reason assigned in submitting to the jury the allegations of negligence here complained of, and in refusing the defendant's request to charge eliminating these allegations of negligence from the consideration of the jury.

■ The defendant contends in special ground 9, that the court erred in stating to the jury the contentions of negligence contained in the petition, to the effect that the deceased was grossly negligent in failing to have the windshield wiper of his car operating prior to and at the time of the accident, and in refusing to give the defendant's request to charge, eliminating this ground of negligence from the consideration of the jury. The only reference to this feature of the case was made by the court in stating the contentions of the plaintiff as set out in his petition. We think that the jury clearly understood that the court, in reading the allegations of negligence as contained in the petition, was merely stating the contentions of the plaintiff. It is well-settled law that, in charging the jury, it is not error merely to state correctly the contentions made by the allegations of the petition, even though some of the contentions may not be supported by the evidence. In this connection, see *Armour & Co.* v. *Roberts,* 63 *Ga. App.* 846 (12 S. E. 2d, 376); *Gledhill* v. *Harvey,* 55 *Ga. App.* 322 (4) (190 S. E. 61); *Georgia Power Co.* v. *Sheats,* 58 *Ga. App.* 730 (2) (199 S. E. 582); *Powell* v. *Crowell,* 63 *Ga. App.* 890 (3) (11 S. E. 2d, 918); *Jones* v. *Hogans,* 197 *Ga.* 404, 412 (29 S. E. 2d, 568).

Nor did the court err in refusing to give the request to charge, eliminating this ground of negligence from the consideration of the jury. To have instructed the jury as requested, would have amounted to the direction of a verdict as to this allegation of negligence, and it is never error to refuse to direct a verdict. In this connection, see *Western & Atlantic R. Co.* v. *Gray,* 172 *Ga.* 286 (10). (157 S. E. 482); *Southern Grocery Stores* v. *Cain,* 54 *Ga. App.* 48 (4) (187 S. E. 250); *Lewis* v. *Tatum,* 55 *Ga. App.* 24 (7) (189 S. E. 375). Furthermore, it was not error to decline to give the requested instruction, in view of the court's charge, that the burden was on the plaintiff to prove her contentions of gross negligence, and that such negligence was the proximate cause of the injury or damage sued for, by a preponderance of the evidence. *Western & Atlantic R. Co.* v. *Gray,* supra.

The cases cited and relied on by the plaintiff in error, *Atlantic Coast Line R. Co.* v. *Baker,* 32 *Ga. App.* 513 (123 S. E. 909); *Southern Ry. Co.* v. *Powell,* 108 *Ga.* 791 (33 S. E. 951); *Central of Ga. Ry. Co.* v. *Keating,* 177 *Ga.* 345 (170 S. E. 493); *Americus Gas & Electric Co.* v. *Coleman,* 16 *Ga.. App.* 17 (84 S. E. 493); *Ransone* v. *Christian,* 56 *Ga.* 351; *Henson* v. *Taylor,* 108 *Ga.* 567 (33 S. E. 911), are distinguishable on their facts from the present case, and do not authorize or require a different ruling from the one made herein. Also, the cases of *Western & Atlantic R. Co.* v. *Branan,* 123 *Ga.* 692 (51 S. E. 650), and *Columbus Mfg. Co.* v. *Gray,* 9 *Ga. App.* 738 (72 S. E. 273), are likewise distinguishable on their facts from the present case. In *Western & Atlantic R. Co.* v. *Branan,* the Supreme Court held that it was error for the court to submit to the jury the question whether or not the defendant company was negligent in the manner in which it stored certain peaches, in that they were piled in great masses, sacks upon sacks, without any opportunity for the air to penetrate them, when the plaintiff in his testimony stated that, in his opinion, the manner of piling had very little to do with the matter and did not pretend that the manner in which they were piled caused any injury to them, but attributed the injury solely to the high temperature which he claimed was produced in the warehouse because of the heat maintained in the engine room immediately below the warehouse. In *Columbus Mfg. Co.* v. *Gray,* the court held that, while it may have been proper for the court to give a peremptory

instruction of nonliability upon a ground of negligence contained in the petition, but unsupported by sufficient evidence to sustain it, it was not error to instruct the jury with reference to the same, where the defendant requested the court to charge upon that subject and the court did so, although not in the language contained in the request. In none of the cases cited and relied on by the plaintiff in error was it held to be error to decline to give a request to charge that amounted to a direction of a verdict upon an allegation of negligence contained in the petition. The court did not err in overruling special ground 9 for any reason assigned.

■ Special ground 10 assigns error on the refusal of the court to give the request to charge therein set out. So far as pertinent and applicable to the pleadings and evidence, the principles embodied in the request were fully and fairly covered in the general charge given to the jury. Under these circumstances, the court did not err in refusing to give such request and in overruling special ground 10. *Sheehan* v. *Augusta,* 71 *Ga. App.* 233 (3) (30 S. E. 2d, 502), and citations.

■ It does not appear how the charge complained of in special ground 11 could have harmed the defendant, or that he was harmed thereby, and the court did not err in overruling this ground. In this connection, see *Rentz* v. *Collins,* 51 *Ga. App.* 782 (181 S. E. 678), and citations.

■ Under the pleadings and the evidence in the present case, it is not cause for a new trial that the court gave in charge to the jury so much of the Code, § 105-2003, as is embraced in the following words: "In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases, no measure of damages can be prescribed except the enlightened conscience of impartial jurors;" it appearing that in other portions of the charge the jury was given accurate and proper rules for the different kinds of damages sought in the three counts of the petition, and was specifically instructed that the plaintiff sought to recover in said action both general and special damages and that "special damages must be proved in order to be recovered," but that "general damages . . may be recovered without proof of any specific amount. Such damages are such as mental and physical pain and suffering, and the guide in determining the amount of those damages is the enlightened conscience of impartial jurors, acting under

the sanctity of their oath, to compensate the plaintiff with perfect fairness to the defendant." The trial judge having properly instructed the jury under what circumstances they should find only the actual damage sustained, and having confined the application of the rule embraced in the above-quoted excerpt from the charge to such damages as physical and mental pain and suffering and the like, the court did not err in giving the charge and in overruling special ground 12. In this connection, see *Georgia Railroad & Bkg. Co.* v. *Keating*, 99 *Ga.* 308 (25 S. E. 669).

■ The verdict is supported by the evidence and has the approval of the trial judge, no error of law appears, and the judge did not err in overruling the motion for a new trial.

Pursuant to the act of the General Assembly approved March 8, 1945 (Ga. L. 1945, p. 232), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Sutton, C. J., Gardner, Parker, and Townsend, JJ., concur. MacIntyre, P. J., and Felton, J., dissent.*

MacIntyre, P. J., dissenting from the ruling in division 7 of the opinion. In the instant case, if there had been no special request, the general charge would have covered substantially the general issue of negligence, or no negligence, arising under the pleading or the evidence, and there would be no reversible error. But where there is a special request which was more specific in its application than was the charge given, I think that such instruction should have been given as requested, and that it was reversible error not to do so. *Brown* v. *State*, 195 *Ga.* 430 (1) (24 S. E. 2d, 312). Where, as here, the judge in charging the jury stated that the defendant relied on certain acts of negligence for a recovery, and then enumerated each of such acts of negligence alleged in the petition, and where one of the acts of negligence enumerated had no evidence to support it, and the defendant by timely written request asked the judge to charge the jury that there was no evidence to support this specific ground of negligence, stating the ground, and that the jury could not return a verdict in favor of the plaintiff based on such alleged negligence, I think that it was reversible error for the judge to refuse to charge such request. Such ground of negligence did not, at the time the request was made, belong in this case. After it became obvious that the mat-

ter was improper and should be eliminated, it seems to me that the first opportunity the defendant had to eliminate such matter was at the time of the request, and the judge should have so removed it from the consideration of the jury by charging as requested.

If the jury should decide a case on an alleged act of negligence which had no evidence to support it, and there was other evidence as to other acts of negligence which the jury did not credit, but if believed would authorize the verdict, then the defendant would have no way of correcting such error in the trial court or this court under the majority opinion, which holds, in effect, that the proposition that error cannot be successfully assigned on the refusal to direct a verdict is applicable here.

I do not think the proposition that error can not be successfully assigned on a refusal to direct a verdict is applicable here. If there was no evidence to support the verdict for the plaintiff at the close of the evidence, and the defendant moves to direct a verdict, which motion is overruled, and the jury finds a verdict for the plaintiff, the law gives the defendant a remedy for the correction of such error by an available exception in the motion for a new trial, and both the trial court and this Court may pass upon such alleged error. But, under the majority opinion, there is no exception available for the correction of the error here complained of.

"It is one thing to state what a party contends, and another and a very different thing to state the law applicable to such contention." *Atlanta &c. Ry. Co.* v. *Gardner,* 122 *Ga.* 82, 93 (49 S. E. 818). I think that the appellate courts in our State have not gone further than to state that, *in the absence of any request,* "it is not reversible error to *merely* state correctly the contentions made by the allegations of the pleadings, even though some of them might not have been supported by the evidence." *Jones* v. *Hogans,* 197 *Ga.* 404, 412 (29 S. E. 2d, 568). (Italics mine.)

"Where several distinct matters involving diligence are presented to the jury, while it is proper to charge a general principle applicable to them all, yet if a specific charge, which is legal, apt, and precisely adjusted to one of them, be requested, it is proper to give the latter also, if it would materially aid the jury in applying the general principle to this one of the several matters for

their consideration." *Thompson* v. *Thompson,* 77 *Ga.* 692 (2) (3 S. E. 261).

I think that the specific charge requested is legal, apt, and precisely adjusted to the distinct matter of one act of negligence alleged in the petition, and that it would have materially aided the jury in applying the general principle to this one of the several matters alleged in the petition by eliminating it entirely from their consideration.

Under the majority opinion, there is no way at any time during the trial, or any other time, to assign such error so that it might be corrected in the trial court or this court.

FELTON, J., dissenting. I do not think that the statement of the father of the plaintiff below, who was driving the car in which his son was riding, while he was in the hospital, the substance of which is set out in division 2 of the majority opinion, was a statement against interest. It was, therefore, not admissible in evidence and should have been excluded.

I think that the court erred in refusing the requests to charge, which had the effect of charging the jury that it could not base a verdict on particular acts of negligence alleged in the petition which were not supported by any evidence sufficient to authorize it. One request dealt with the alleged failure of the father of the plaintiff to operate the automobile on the right-hand side of the highway. There was no evidence of such negligence, and it was error not to withdraw this act of negligence from the consideration of the jury when requested in writing to do so. The court erred also in not withdrawing from the consideration of the jury whether the father was grossly negligent in driving without glasses. There was no evidence as to how well he could see without glasses. If the jury found that he was for this reason grossly negligent, it was a pure guess. It is not gross negligence for every person who habitually wears glasses to drive an automobile without them. The same is true as to the alleged negligence in driving without the windshield wiper working. There was no evidence in this case that the windshield wiper was not working. In *Ransone* v. *Christian,* 56 *Ga.* 351 (supra), the court ruled: "The court erred, we think, in declining to charge that the jury could not give special damages on the count for libel, that count having alleged none and none having been proven." It seems more reasonable to me

that, if the court erred in refusing to give a requested charge to the jury withdrawing from them an issue which is not even alleged or proven, and therefore not even in the case or likely to confuse the jury, then where, as in this case, there are allegations of negligence unsupported by proof, and these allegations will be before the jury, surely it would be proper for counsel to request that the jury be instructed to eliminate these issues, and it would be erroneous for the court to fail to give the requested charge. In this connection, see also *Henson* v. *Taylor,* 108 *Ga.* 567 (supra). The court also erred in charging the jury "that in some torts the entire injury is to the peace, happiness, or feelings of the plaintiff, and, in such cases, no measure of damages can be prescribed, except the enlightened conscience of impartial jurors." The action was not for such injuries, and the charge had no application to the case and tended to confuse the jury on the question of the amount of damages.

DECIDED JULY 15, 1947.  REHEARING DENIED JULY 29, 1947.

*Bennet, Peacock & Perry, Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.

*E. L. Smith, S. B. Lippitt,* contra.