32408, 32411. CENTRAL TRUCKAWAY SYSTEM
INC. *et al. v.* HARRIGAN (two cases).
32409, 32412. LYNN *v.* HARRIGAN (two cases).

118

DECIDED APRIL 20, 1949.

*Gambrell, Harlan & Barwick, James C. Hill,* for Central Truckaway System.

*Hewlett & Dennis, T. F. Bowden, Douglas Dennis,* for Lynn. *Matthews, Long & Moore,* for Harrigan.

TOWNSEND, J. (After stating the foregoing facts.) The defendants in error amended the bill of exceptions in each of the cases under Code § 6-913, by adding additional parties as defendants in error, and these amendments are hereby allowed.

■ Special grounds 1, 2, and 3 of case No. 32408, special ground 3 of case No. 32409, special grounds 2, 3, and 4 of case No. 32411, and special ground 1 of case No. 32412, contend that the trial court erred in stating to the jury contentions of certain acts of negligence contained in the petitions, which state-

ments it is insisted were unsupported by evidence. The only reference which the court made to the particular acts of negligence charged in the petitions, in the course of his charge to the jury, was the reading of all the acts of negligence charged to each of the defendants in the petitions, including the ones complained of in these special grounds. Elsewhere the court charged the jury as follows: "When you come to pass upon the question of whether or not the defendants were negligent, you will be confined to these specifications of negligence as set out in the petitions. You could not go outside and inquire whether or not the defendants were negligent in any other manner than as set forth in the petitions, the law being that, if the plaintiffs recover at all in these cases, it must be upon some one or more of the allegations of negligence as set forth in the petition." Again the court charged: "I instruct you gentlemen that neither Mr. nor Mrs. Harrigan would be entitled to recover any damages in these cases unless either the driver of the truck or the driver of the Packard automobile was guilty of some act of negligence as charged in their petitions, and unless some such negligent act proximately caused some injury to one or both of them." There was no request to withdraw or withhold from the jury any specification of negligence charged in the petitions which was not supported by evidence. In *Barbre* v. *Scott, 75 Ga. App.* 525 (7) (43 S. E. 2d, 760), this court held: "It is not error for the court, in charging the jury, merely to state correctly the contentions made by the allegations of the petition, even though some of the contentions may not be supported by the evidence." In that case there was a specific request to charge that certain allegations of negligence, being unsupported by the evidence, should not be considered by the jury. In the body of the decision, at the top of page 535 this court stated as follows: "Nor did the court err in refusing to give the request to charge, eliminating this ground of negligence from the consideration of the jury. To have instructed the jury as requested would have amounted to the direction of a verdict as to this allegation of negligence, and it is never error to refuse to direct a verdict." In this connection, see *Western & Atlantic R. Co.* v. *Gray,* 172 *Ga.* 286 (10) (157 S. E. 482); *Southern Grocery Stores* v. *Cain,*

54 *Ga. App.* 48 (4) (187 S. E. 250); *Lewis* v. *Tatum,* 55 *Ga. App.* 24 (7) (189 S. E. 375). The trial court in the instant case charged the jury fully and correctly on the burden of proof, the preponderance of the evidence, and proximate cause. Nothing more need be added here to what this court has already said on this subject in division 7 of the decision in *Barbre* v. *Scott,* supra, at pages 534 and 535. See also the cases there cited. These assignments of error are without merit.

■ Special ground 4 of case No. 32408 and special ground 5 of case No. 32411 contend that the trial court erred in charging the jury as follows: "There is no dispute about the collision between the vehicles referred to in the petitions, but the real question which you are to determine as to the defendant Lynn in each case is this: has the plaintiff proved the negligence of the defendant Lynn by a preponderance of the evidence. Unless such negligence is proven by a preponderance of the evidence, there could be no recovery against either of the defendants. I instruct you gentlemen, that negligence on the part of a defendant cannot be assumed merely because of a collision from which followed injury and damage to plaintiff. The court instructs you that you cannot presume negligence in either one of these cases on the part of the defendant Lynn from the mere fact alone that there was a collision between the car which he was driving and the other vehicle described in the petition out in the highway, or from the fact that plaintiff, or either of them was injured." The principal reason this excerpt is contended to be error is that the judge emphasized to the jury what negligence it would be necessary for the plaintiffs to prove against the defendant Lynn, thus giving the jury the impression that they could find against the defendants, Central Truckaway System Inc. and Casualty Reciprocal Exchange, without proving the same degree of negligence against such defendants.

The record contains no explanation as to why the trial judge in the course of his charge thus made special reference to the defendant Lynn. It is, however, intimated in the brief of counsel for the plaintiffs that this resulted from requests filed on behalf of Lynn's counsel. Notwithstanding the cause, the practice is bad and does not meet with the approval of this court. It con-

stitutes error and in some instances might be harmful and reversible, but in the instant case it appears to be harmless because the judge elsewhere in his charge made it clear that the defendants were governed by the same rules of law. Then too, the jury returned the same verdict against both defendants, which is itself some evidence that the defendants complaining here were not discriminated against by reason of this part of the charge. · These assignments of error are without merit.

■ Special ground 5 of case No. 32408, special ground 4 of case No. 32409, special ground 6 of case No. 32411, and special ground 2 of case No. 32412, contend that the trial court, for the various reasons assigned therein, erred in charging the jury as follows: "I instruct you that where two concurrent causes operate directly in bringing about an injury, that there can be a recovery against either one or both of the respective parties. The mere fact that the injury would not have been sustained had only one of the acts of negligence occurred would not of itself operate as a defense, or eliminate the other act as constituting the proximate cause; if you find both acts of negligence contributed directly and concurrently to bringing about the injury, they together will constitute the proximate cause." The excerpt from the charge complained of is a substantially correct statement of the law and is not error for any of the reasons assigned. See *Adams* v. *Jackson,* 45 *Ga. App.* 860 (166 S. E. 258); *McGinnis* v. *Shaw,* 46 *Ga. App.* 248 (2) (167 S. E. 533); *Tallman* v. *Green,* 74 *Ga. App.* 731 (41 S. E. 2d, 339).

■ Special grounds 6 and 8 of case No. 32408 and special ground 1 of case No. 32409 contend that the trial court erred in failing to charge the jury that any recovery for future loss of the wife's services by the husband must be reduced to present cash value.

Paragraph 29 of the petition of Thomas Harrigan is as follows: "Petitioner shows that the reasonable value of the services of his wife are $100 per month and shows that he will be deprived of said services for an undetermined length of time pending disability of his wife." On this subject he testified in part as follows: "As to the value of her services as a wife to me, to replace a maid costs about $35 a week or about $140 a month. I

had to employ a maid to assist her after the collision. We did not have one before the collision. Mrs. Harrigan performed her household duties." Mrs. Harrigan testified in substance that at the time of the trial she was still having trouble with her back; that there was a swelling at the base of her spine; that it was difficult both for her to stand up and sit down, that when she changes positions it is painful; that she has been to doctors and done everything possible to get rid of it; that Dr. Taylor treated it and that she has been taking massages and other treatments. Dr. Taylor testified that he had treated her since the early part of October, 1946; that at the time of this testimony (March 4, 1948) she was still his patient; that on the occasion of his last examination (February 16, 1948), she was still suffering from injuries sustained in the collision; that in his opinion some of her injuries are permanent; that she was disabled from performing her household duties after the collision until the first of the year 1947, and that at the time of his testimony and for some time to come she was not and will not be able to do a hard day's work at home.

The court failed to charge the jury that, after arriving at the value of her services which will be lost to the husband in the future by reason of her injuries, the same must be reduced to its present cash value.

In *Central of Ga. Ry. Co.* v. *Keating*, 45 *Ga. App.* 811, 819 (165 S. E. 873), division 10 of the decision, this court held as follows: "The court charged the jury that the husband was entitled to recover for the homicide of his wife the full value of her life, and that 'the full value of the life of the deceased as shown by the evidence is the full value of her life without deduction for necessary or other personal expenses of the deceased had she lived.' Thereafter the court charged the jury that 'On the question of determining the amount of damages for services, if you find damages for services (the plaintiff may recover for the life services of his deceased wife), the jury in estimating the value of domestic services rendered by a wife are authorized to take into consideration what may be the value of many services incapable of proof, but measured in the light of your own observation and experience,' and that 'There need be no direct or

express evidence as to the value of a wife's services, either by day, week, month, or any other period of time, or of any aggregate sum, but you determine from the evidence the amount which would fairly and justly compensate the plaintiff for his loss, if any.' The court did not preface this latter excerpt from his charge with an instruction that in determining the full value of the life of the deceased wife they might look to the value of her services to her husband. *Nowhere did the court charge the jury that, having arrived at the gross value of the life of the deceased, they should reduce it to its present cash value.* The charge of the court here dealt with instructed the jury that the plaintiff might recover for the life services of his deceased wife, without reducing the value of the same to its present cash value. We think this was error." (Italics ours.)

Counsel for the plaintiff, Thomas Harrigan, contend that future lost services of the wife to the husband are in the same category as pain and suffering, which is to be determined according to the enlightened consciences of impartial jurors and need not be reduced to present cash value, where the wife is injured. They contend that *Central of Ga. Ry. Co.* v. *Keating,* supra, is not authority to the contrary, because there the wife was killed, while in the instant case the services of the wife were lost to the husband because she was only injured. We fail to recognize this distinction. In both instances the future value of the services is to be determined. In case of death the value of these future services is determined for the purpose of showing the present full value of the life of the deceased. In case of injury it is determined for the purpose of establishing the basis for recovery by the husband for their loss. The same reason exists for the reduction thereof to present cash value as in the case of loss of future earnings.

It follows that the trial court erred in failing to charge the jury that the future services of the wife lost to the husband must be reduced to present cash value. The case of Thomas Harrigan (No. 32408 and No. 32409) must therefore be reversed.

■ Special ground 7 of case No. 32408 and special ground 6 of case No. 32409 contend that the trial court erred in admitting over objection the testimony of the attending physician of the

plaintiff, Thomas Harrigan, to the effect that he is likely to develop traumatic arthritis of some of the cervical vertebrae as the result of his injuries. This is contended to be error because the same constitutes speculation on the part of the witness rather than a statement of his professional opinion. It is contended that said evidence is prejudicial because it suggests to the jury that said plaintiff might be much more seriously injured than was shown by the other evidence.

The testimony appears to be the professional opinion of the doctor. It is therefore not subject to the objection that it constitutes speculation on his part rather than a statement of his professional opinion. The doctor in the instant case had attended this plaintiff and was in position to be thoroughly familiar with his injuries. He was competent to give his opinion as to their permanency. A part of this opinion appears to have been based on the likelihood of the development of traumatic arthritis in some of the cervical vertebrae of this plaintiff. The evidence was admissible for this purpose. See *Seaboard Air-Line Ry.* v. *Maddox,* 131 *Ga.* 799 (63 S. E. 344). Section 38-1710 of the Code provides as follows: "The opinion of experts, on any question of science, skill, trade, or like questions shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." The weight and credit to be given the testimony of such expert is for the jury. See *McDowell* v. *State,* 78 *Ga. App.* 116 (Supra). These assignments of error are without merit.

■ Special ground 9 of case No. 32408 and special ground 2 of case No. 32409 contend that the trial court erred in failing to charge a correct measure for the ascertainment of the special damages consisting of doctor bills, drugs, medicine, and hospital bills. The maximum recovery that could have been had for these items of damages has been written off by counsel for the plaintiff, Thomas Harrigan. These assignments of error have therefore been rendered moot.

■ Special ground 5 of case No. 32409 and special ground 3 of case No. 32412 contend that the trial court erred in refusing to give, in response to a timely written request, a charge as follows: "I charge you, gentlemen, that the law presumes that every man

in his private character does his duty until the contrary is shown. Unless the evidence shows that Mr. Lynn failed to hold out his hand or give some signal of his intention to turn to the left, then the presumption is that he did give such a signal before running any part of his automobile to the left of the center of the highway, if you believe he did so." One of the allegations of negligence against the defendant Lynn contained in the petitions is as follows: "In failing to give any warning or signal of his intention to drive into the highway." The court here was requested to charge in effect that, if there was no evidence to show that the defendant Lynn failed to hold out his hand or give some signal of his intention to turn to the left, then the presumption is that he did give such a signal before running any part of his automobile to the left of the center of the highway. The petitions do not charge him with failure to give such a signal. The petitions do charge him with failure to give a signal of his intention to drive into the highway, but not failure to signal his intention to drive to the left of the center line after getting into the highway. It is true that the evidence would authorize the jury to find that the defendant Lynn at the time of the collision between the truck and the defendant, Central Truckaway System Inc., and his car, was driving to the left of the center line of the highway, but he was not charged by anyone with having failed to hold out his hand or give a signal before so driving. It is not, therefore, such a vital part of the case as to require a reversal because of the failure to charge that specific request, as was held in *Western & Atlantic R.* v. *Frazier*, 66 *Ga. App.* 275 (1) (18 S. E. 2d, 45), because the court elsewhere charged that there can be no recovery on negligence not charged in the petitions. In any event, the trial judge in his general charge sufficiently covered the subject in charging as follows: "The presumption is that every man obeys the law, and that would apply to the defendant Lynn in these cases, and this presumption should prevail and control your deliberations until and unless it is overcome by satisfactory evidence." These assignments of error are *without merit*.

■ Special ground 1 of case No. 32411 and special ground 4 of case No. 32412 contend that the trial court erred in overruling the motion for a continuance made by counsel for the defendants,

on a plea of surprise to an amendment to the petition of Mrs. Harrigan alleging injuries additional to those set out in the original petition. This amendment was filed during the course of the trial and claimed injuries to all the muscles and joints in and about the small of her back, near the sacroiliac joint and the tip of her spine in and about the coccyx. The original petition alleges that "all of the muscles, ligaments, nerves, and bones of her body were broken, contused, torn and lacerated." The testimony of Dr. Alva Taylor, Mrs. Harrigan's attending physician, was taken by deposition prior to the trial. He was cross-examined, the effect of which was to give the defendants advance notice of the substance of his evidence. Regarding Mrs. Harrigan's condition, his testimony included a statement as follows: "A rectum examination caused considerable discomfort when the tip of the finger came in contact with the sacrum and coccyx bones. A slight movement would cause severe pain." The trial of these cases began March 22, 1948, and this amendment was filed on the second day of the trial. Dr. Taylor, by deposition taken March 4, 1948, testified that he had last examined Mrs. Harrigan on February 16, 1948, that the coccyx was very tender, and that the sacrum and coccyx condition had not changed. Under the express provision of § 81-1409 of the Code, providing for a continuance based on a plea of surprise on account of the filing of an amendment to the pleadings, a case may be continued in the discretion of the trial judge. Where the order of the judge refusing such continuance does not amount to an abuse of his discretion, this court will not interfere. See *Porter* v. *Porter*, 17 *Ga. App.* 457 (1) (87 S. E. 707). The testimony by deposition of the attending physician of Mrs. Harrigan, taken some three weeks before the amendment, was sufficient to put the defendant on notice of her condition, and the denial of the motion for a continuance did not amount to an abuse of discretion. These assignments of error are without merit.

The trial court erred in overruling the motions for a new trial in *Thomas Harrigan* v. *Central Truckaway System Inc., Casualty Reciprocal Exchange, and Rodney L. Lynn* (Nos. 32408 and 32409) for the reasons hereinbefore set forth in the 4th

division of this opinion, and the judgments in that case are therefore reversed.

The verdict was supported by the evidence in *Mary C. Harrigan* v. *Central Truckaway System Inc., Casualty Reciprocal Exchange, and Rodney L. Lynn* (Nos. 32411 and 32412), and none of the special assignments of error therein are meritorious. The judgments overruling the motions for a new trial in that case are, therefore, without error, and are affirmed.

*Judgment affirmed. MacIntyre, P. J. and Gardner, J. concur.*